IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Boy Scouts of America, et al., | : | Joint Administered |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| CENTURY INDEMNITY COMPANY, as | : | |
| successor to CCI INSURANCE COMPANY, | : | |
| as successor to INSURANCE COMPANY | : | |
| OF NORTH AMERICA and INDEMNITY | : | |
| INSURANCE COMPANY OF NORTH | : | |
| AMERICA, WESTCHESTER FIRE | : | |
| INSURANCE COMPANY, and | : | |
| WESTCHESTER SURPLUS LINES | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 20-1643-RGA |
| | : | BK Case No. 20-10343 (LSS) |
| BOY SCOUTS OF AMERICA and | : | Bankruptcy BAP No. 20-58 |
| DELAWARE BSA, LLC, | : | |
| | : | |
| Appellees. | : | |

### **RECOMMENDATION**

At Wilmington this **26th** day of **January, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would

not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Although the parties are involved in mediation regarding the underlying bankruptcy case, this mediation is not focused on and is unrelated to the issues on appeal. In their initial letter response to this court's Oral Order on December 4, 2020, the parties requested additional time to respond because of the above-noted mediation process in the hope of resolving certain issues related to this bankruptcy appeal. The court has since be advised that the parties' efforts were unsuccessful regarding the appellate issues, and based upon the information provided, it does not appear that additional mediation of those issues on appeal would be productive.[1]

The parties' request that the following briefing schedule be entered

| | |
|---|---|
| Appellants' opening brief | Thirty (30)* days after entry by the Court of the briefing schedule for this appeal |
| Appellees' answering brief | Thirty (30)* days after service of Appellants' opening brief. |
| Appellants' reply brief | Fifteen (15)* days after service of Appellees' answering brief<br>*RGA amended |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties, through this Recommendation, are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D.

---

[1] Consistent with this court's orders, neither of the parties' joint letters regarding mandatory mediation in bankruptcy appeals are docketed.

DEL. LR 72.1.  No objections are anticipated since this Recommendation is consistent with the parties' request.

    Local counsel are obligated to inform out-of-state counsel of this Order.

        /s/ Mary Pat Thynge
        Chief U.S. Magistrate Judge Mary Pat Thynge

        SO ORDERED as Amended this 3rd day of February, 2021

        /s/ Richard G. Andrews
        United States District Judge